IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 12, 2009

## LENA JADEN v. VANDERBILT UNIVERSITY

**Appeal from the Chancery Court for Davidson County**
**No. 07-1033-II     Carol L. McCoy, Chancellor**

_____

**No. M2008-01751-COA-R3-CV - Filed July 27, 2009**

_____

A graduate student at Vanderbilt sued after the university terminated her graduate studies. She claimed that Vanderbilt breached its contract with her. The trial court granted summary judgment to Vanderbilt. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Brian O. Bowhan, Antioch, Tennessee, for the appellant, Lena Jaden.

Timothy K. Garrett and Annie Neal, Nashville, Tennessee, for the appellee, Vanderbilt University.

**OPINION**

The facts of this matter arise over the course of three separate decades. Lena Jaden[1] enrolled in a Vanderbilt University doctoral program in 1986, seeking a Ph.D. in psychology with a specialization in educational psychology. As early as July 1989, the Director of Graduate Studies wrote to Jaden that she needed to complete her empirical study by the end of the 1990 spring semester and that her continued enrollment was contingent on meeting this requirement.

Jaden did not complete her empirical study by the end of the 1990 spring semester. She maintained that she understood the language of the July 1989 letter as a request, not a requirement. She also did not understand that continuous enrollment was required; Jaden failed to enroll for financial reasons at one point and was removed from the program. She eventually sought reinstatement as a graduate student, which was granted effective with the 1993 spring semester. Jaden agreed with the University on the steps that had to be taken in order to receive her degree and

_____

[1] Lena Jaden is the name appearing on the complaint and in the style of this appeal. We note, however, that the record contains at least one letter and one affidavit signed by her as Leila Jaden.

a timetable to complete them. These steps included finishing her empirical study by April 30, 1993, passing written preliminary examinations or a major area paper by December 10, 1993, and passing the oral qualifying examination by April 1, 1994. She was explicitly told that, "If you pass your Oral Qualifying Examination and are advanced to candidacy, you will have four years of candidacy – in accordance with Graduate School policy – in which to complete your dissertation proposal, dissertation, and dissertation defense."

It is not clear from the record when Jaden finished her empirical study, but it is clear from her affidavit that she did not meet the other deadlines. Her major area paper was completed in May 1999 and she passed her oral qualifying exam in December 2000. Based on her reinstatement agreement with Vanderbilt, she had four years from December 2000 to complete her dissertation proposal, dissertation, and dissertation defense. According to her complaint, Jaden's dissertation proposal was approved in May 2002. Later that year, Jaden suffered a nervous breakdown and was unable to continue her studies until sometime in 2004.[2]

At some point in the fall of 2004, Jaden apparently requested an extension of the December 2004 deadline for completion of her studies. By letter dated November 15, 2004, her request was denied. Jaden appealed that decision in a letter dated November 23, 2004, stating, "I am requesting an extension until May 31, 2005. If I have not finished by then, I will gracefully accept defeat and forfeit the 18 years that I have invested." Her request for an extension was granted on December 17, 2004. A letter of that date, signed by the Director of Graduate Studies, stated: "we will allow you until the end of the spring semester, 2005, to defend your dissertation. Also as per your letter, this deadline is final."

Unfortunately, Jaden did not meet this deadline. She turned in a rough draft of her dissertation in June 2005 and a second draft in August 2005. She was sent an email on August 25, 2005, indicating that her draft was "not close to being a final draft" and that the Director of Graduate Studies was requesting termination of her graduate training. That same day, the Associate Dean of Vanderbilt Graduate Studies sent Jaden a letter terminating her graduate studies at Vanderbilt. Jaden appealed this decision via letter dated January 4, 2006. Her appeal was denied.

On May 8, 2007, Jaden filed this lawsuit alleging that Vanderbilt violated its contract with her. The chancellor granted Vanderbilt's summary judgment motion, determining that Jaden could not establish that Vanderbilt breached its implied contract with her.

The resolution of a motion for summary judgment is a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). Consequently, the appellate court reviews the trial court's judgment de novo with no presumption of correctness. *Id*. Also, the appellate court must review the

---

[2]The dates in the text regarding Jaden's dissertation proposal and nervous breakdown are taken from her complaint. However, in a letter to Vanderbilt dated January 4, 2006, she stated that "in spring, 2002, I suffered some kind of depression and began seeing a psychiatrist . . . . In spring 2003 my dissertation proposal was approved, but because of additional health issues, I was not able to conduct my research until spring 2005."

evidence in the light most favorable to the nonmoving party and draw all reasonable inferences favoring the nonmoving party. *Id*. The moving party has the ultimate burden of convincing the court that there is no dispute as to any material facts that creates a genuine issue for trial and that the moving party is entitled to judgment as a matter of law. *Hannan v. Alltel Publ'g. Co.*, 270 S.W.3d 1, 5 (Tenn. 2008). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn.1993).

"[A] moving party who seeks to shift the burden of production to the nonmoving party who bears the burden of proof at trial must either: (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan,* 270 S.W.3d at 8-9. If the moving party does not meet its initial burden of production, the court should dismiss the motion for summary judgment. *Id*. at 5. "If the moving party makes a properly supported motion, then the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist." *Martin*, 271 S.W.3d at 84.

Jaden claims that:

> The contract [with Vanderbilt] was a hybrid between implied and express terms and conditions, but the bedrock of that relationship was that as long as plaintiff succeeded in meeting the general directions of the program, satisfied the standards thereof, and otherwise pursued her studies within the approved guidelines of her mentor and committee, then the plaintiff would be awarded her Ph.D. Also, at the time of her enrollment, there was no time limit which set a boundary on plaintiff in which she had to have completed her program.

Thus, Jaden focuses on the beginning of the contract, not its contents at the time of the alleged breach. When she was readmitted to the graduate school, she agreed to the terms of readmission, one of which was "If you pass your Oral Qualifying Examination and are advanced to candidacy, you will have four years of candidacy – in accordance with Graduate School policy – in which to complete your dissertation proposal, dissertation, and dissertation defense." She passed that exam in December 2000 and was on notice that the four-year period would begin at that time. By the letter dated November 15, 2004, Vanderbilt announced its intention to hold her to that deadline. Ultimately, Vanderbilt relented and extended her deadline to the date she requested, May 31, 2005. Vanderbilt was very clear: "we will allow you until the end of the spring semester, 2005, to defend your dissertation." Dissertation defense was the last step listed in the outline of what Jaden had to do to earn her Ph.D., a requirement to which the parties agreed when she was readmitted to graduate school.

A contract is subject to modification by the parties at any time. *Wright v. Fischer*, 148 S.W.2d 49, 53 (Tenn. Ct. App. 1940). Modification must be supported by consideration. *Hill v. Goodwin*, 722 S.W.2d 668, 671 (Tenn. Ct. App. 1986). "If the contract is plain and unambiguous,

the meaning thereof is a question of law, and it is the Court's function to interpret the contract as written according to its plain terms." *Bradson Mercantile, Inc. v. Crabtree*, 1 S.W.3d 648, 652 (Tenn. Ct. App. 1999). In our opinion, Vanderbilt has shown that there are no genuine issues of disputed material facts and has negated an essential element of Jaden's claim, namely a breach of the contract.

Since Vanderbilt met its burden, the burden of production shifted to Jaden. Her explanations involve claims of extenuating circumstances, health problems and misunderstandings. None of these excuses negate the plain language of her agreement with Vanderbilt.

This law suit is a prime example of why Clare Boothe Luce said, "No good deed goes unpunished." Vanderbilt exercised the patience of Job with Jaden. She missed deadline after deadline until Vanderbilt decided enough was enough. Under their agreement, that was Vanderbilt's right. The chancellor is affirmed.

Costs of appeal are assessed against the appellant, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE